IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 3 0 2006

MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| ANGELA BISONG,<br>Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF HOUSTON,<br>DR. JAY GOGUE,<br>PRESIDENT/CHANCELLOR,<br>DR. JOHN ANTEL, DEAN, DR<br>SARAH FISHMAN, ASSOCIATE<br>DEAN, and DR. WYMEN<br>HERENDEEN, CHAIRPERSON, DR.<br>LYNN VOSKUIL, ASSOCIATE<br>PROFESSOR,<br><br>Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO.<br>§   Jury Demanded<br>§<br>§   H -06 -1815<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF, ANGELA BISONG'S, ORIGINAL COMPLAINT
## AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Mrs. Angela Bisong, hereinafter called Plaintiff, complaining of and about University of Houston, Dr. Jay Gogue, President and Chancellor of the University of Houston, Dr. John Antel, Dean, College of Liberal Arts and Social Sciences, University of Houston, Dr. Sarah Fishman, Associate Dean, College of Liberal Arts and Social Sciences, University of Houston, Dr. Wymen Herendeen, Chairperson, Department of English, University of Houston, and Dr. Lynn Voskuil, Associate Professor, Department of English, University of Houston hereinafter called Defendants, and for cause of action shows unto the Court the following:

1

## PARTIES AND SERVICE

1. Plaintiff Angela Bisong is a legal alien of the United States and resides in Fort Bend County, State of Texas. Mrs. Bisong's race is Black, and her origin of nationality is Cameroon, Central Africa. At all times relevant to this cause, Mrs. Bisong was a student at the University of Houston as that term is commonly used and as so defined and used in the University of Houston Student Handbook.

2. Defendant, the University of Houston, is an Institution of Higher Learning, as that term is used in Section 61.003, Texas Education Code, as amended, (Tex. Rev. Civ. Stat. Ann., art. 6252-9b § 2(8)(B) (Vernon Supp. 1982 – 1983)), and organized within the State of Texas, may be served by serving Ms. Dona Hamilton, General Counsel, University of Houston, who is authorized to accept service at 311 E. Cullen Blvd., Houston, TX 77204. At all times relevant to this cause, the University of Houston has been a recipient of funds and financial assistance from the Federal Government.

3. Defendant, Dr. Jay Gogue, President and Chancellor of the University of Houston, is a citizen of the State of Texas. Said Defendant may be personally served with process by serving Ms. Dona Hamilton, General Counsel, University of Houston, who is authorized to accept service at 311 E. Cullen Blvd., Houston, TX 77204. At all times relevant to this cause, said defendant was employed, contractually and/or otherwise, and/or acting as an agent of the University of Houston.

4. Defendant Dr. John Antel, Dean, College of Liberal Arts and Social Sciences, University of Houston, is a citizen of the State of Texas. Said Defendant may be personally served with process at the University of Houston, College of Liberal Arts and Social Sciences, 4800 Calhoun, 402 A H, Houston, TX 77004-3000. At all times relevant to this cause, said defendant was

employed, contractually and/or otherwise, and/or acting as an agent of the University of Houston.

5.   Defendant, Dr. Sarah Fishman, Associate Dean, College of Liberal Arts and Social Sciences, University of Houston, is a citizen of the State of Texas. Said Defendant may be personally served with process at the University of Houston, College of Liberal Arts and Social Sciences, 4800 Calhoun, 402 A H, Houston, TX 77004-3000. At all times relevant to this cause, said defendant was employed, contractually and/or otherwise, and/or acting as an agent of the University of Houston.

6.   Defendant, Dr. Wymen Herendeen, Chairperson, Department of English, University of Houston, is a citizen of the State of Texas. Said Defendant may be personally served with process at the University of Houston, Department of English, 205 Ray Cullen Building, Houston, TX 77204-3013. At all times relevant to this cause, said defendant was employed, contractually and/or otherwise, and/or acting as an agent of the University of Houston.

7.   Defendant, Dr. Lynn Voskuil, Associate Professor, Department of English, University of Houston, is a citizen of the State of Texas. Said Defendant may be personally served with process at the University of Houston, Department of English, 205 Ray Cullen Building, Houston, TX 77204-3013. At all times relevant to this cause, said defendant was employed, contractually and/or otherwise, and/or acting as an agent of the University of Houston.

## JURISDICTION

8.   The action arises under 42 U.S.C. Section 2000d as hereinafter more fully appears.

9.   This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

10. This is an action under § 601 Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964 as amended, to prevent the exclusion from participation in, the denial of benefits of, or to be subjected to discrimination under any program or activity receiving Federal financial assistance on the basis of race and/or national origin.

## FACTS

11. Mrs. Angela Bisong was born in the Republic of Cameroon Central Africa. She moved to the city of Houston, Texas in 1994 and is a permanent resident of the United States currently residing in Fort Bend County, Texas.

12. Mrs. Bisong holds a Master's Degree in English Language and Applied Linguistics from the University of Leeds, Leeds, United Kingdom, earned in spring 1993. She earned a Bachelor's Degree in English Language and M.Ed. in Education from the University of Yaounde, Yaounde, Cameroon. She has been employed as a Professor of English at Texas Southern University, Houston Community College System at Northeast College, and North Harris College from the spring of 1995 to present, teaching various courses in the English Department. Mrs. Bisong has four magazine publications to her credit from 1986 through 1993, and she holds memberships in the International English Honor Society, (Sigma Tau Delta), the National Council of Teachers, the Southern Conference of African American Studies, and she has been acknowledged for excellence as a distinguished Educator in Who is Who amongst American Teachers for the sixth time. Mrs. Bisong is fluent in three languages, English, French, and Swahili.

13. The University of Houston, located in the City of Houston, Texas, began as Houston

Junior College in March 1927, and held its first session as a four-year institution in June 1934. After a lengthy battle within the Texas State Senate, the University of Houston entered the Texas State system in 1963.

14.     The University of Houston is the doctoral degree granting, largest and most comprehensive university in the University of Houston System, a public system of higher education. According to the University of Houston Student Handbook, the University of Houston provides equal treatment and opportunity to all persons without regard to race, color, religion, national origin, sex, age, disability, veteran status, or sexual orientation except where such distinction is required by law. According to the Student Handbook, this statement reflects compliance with Title VI of the Civil Rights Act of 1964.

15.     According to the University Student Handbook, the mission of the University, in relevant part, is to: provide a range of educational programs that foster an intellectually and culturally diverse environment that embraces individual growth and development; prepare a broad community of students (undergraduate, graduate, doctoral, professional, and non-degree seeking) to make lifelong learning commitments that result in personal, social, economic, and community contributions to an increasingly globally interdependent world; create discover, disseminate, and preserve knowledge and understanding by engaging in basic and applied research, scholarly and artistic activities that benefit students, scholars, and external constituencies; and serve as a major resource for local, state, national, and global communities by applying scholarly analysis and experiences to community problems.

16.     Mrs. Bisong was accepted into the University of Houston Doctoral degree Program in the Department of English, seeking a Doctor of Philosophy in English Literature. As a condition of

her admission, she was expected to demonstrate competencies during the probationary period wherein she had to qualify for full enrollment. During this period of qualification, Mrs. Bisong, a student at the University of Houston as that term is commonly used and as so defined and used in the Student Handbook, earned 12 credit hours while maintaining a 3.78 average resulting in full admission commencing in the Fall of 2002.

17. After full acceptance, and during her academic tenure at the University of Houston, Mrs. Bisong had increasing difficulties with Dr. Lynn Voskuil, Ph.D. Associate Professor, Department of English and the Director of Graduate Studies at the University of Houston.

18. Mrs. Bisong first met Dr. Voskuil in the fall semester of 2003 as a student enrolled in her 19th Century Literature Course. During an initial meeting with Dr. Voskuil, she inquired from Mrs. Bisong about her country of origin, academic profile, and raised concerns about her ability to succeed since she hailed from a French speaking Central African country, and questioned the type of UH ambassador she would represent. According to Ms. Bisong, Dr. Voskuil pre-judged her academic competencies as inadequate to pursue doctoral studies in the Department of English, and she arrogantly stereotyped her ethnic background and country of birth. At one meeting, after reviewing Mrs. Bisong's transcripts, Dr. Voskuil is reported to have stated, "How come they let you get this far?" Dr. Voskuil is also reported to have stated that, "If I cannot throw you out of here, I will make sure I ruin your transcript to a meaningless value and if possible, frustrate your stay here by delaying your graduation."

19. Mrs. Bisong alleges during various meetings that Dr. Voskuil constantly reminded her of the authority she possessed, stated that she was determined to challenge the status quo on her success at the University, and that no one would stop her.

20. Subsequently, on or about August 2004, Mrs. Bisong brought complaints about grading and discrimination against Dr. Voskuil in accordance with university policy. No formal hearing concerning the grade or discrimination grievance was held. However, the Chairperson of the English Department and Dr. Voskuil dismissed the accusations and allegations as unfounded.

21. On or about August 23, 2004, after an allegation of plagiarism as leveled against Mrs. Bisong by one Dr. Maria Gonzalez of the English Department at the University of Houston, a close peer and former Director of Graduate studies who admitted Mrs. Bisong into the program, the Honesty Panel, to which Dr. Voskuil was a sitting member, determined that Mrs. Bisong engaged in academic dishonesty, and received a sanction of a grade "F" in Dr. Gonzalez' class. (Mrs. Bisong persists in her vehement denial of this accusation and resulting sanction.)

22. After this allegation, another one of plagiarism was leveled against Mrs. Bisong. Dr. Voskuil leveled this allegation on or about December 19, 2004, just a few months before Mrs. Bisong was academically scheduled for exams, but prior to the resolution of complaints as raised by Mrs. Bisong. Resulting from a series of hearings and appeals as regulated by the University of Houston, Mrs. Bisong received the sanction of expulsion from the University on or about February 2005. This expulsion was sanctioned by the University of Houston, Dr. Gogue, Dr. Antel, Dr. Fishman, Dr. Wymen Herendeen, and Dr. Voskuil, collectively known all as defendants.

23. It is believed that the second allegation of plagiarism by Dr. Voskuil was in retaliation for Mrs. Bisong's leveling grievances against Dr. Voskuil, as well as Dr. Voskuil's exercising her authority and power as the Director of Graduate Studies.

24. The expulsion from the University of Houston denied Mrs. Bisong of the benefits and participation in their educational program, which is in direct contravention to § 601 of Title VI of

the Civil Rights Act of 1964, 42 U.S.C. Section 2000d.

25.     It is contended that the second allegation of plagiarism and subsequent expulsion was motivated by ill will and malice, and this was and is an intentional violation of Mrs. Bisong's rights as a Black Citizen of these United States and a person whose country of National Origin is Cameroon, Central Africa, under § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d.

26.     Additionally, this expulsion and subsequent separation from the University of Houston is tantamount to a breach of contract and tortious interference with a contract – all promulgated by each named defendant herein. This expulsion and subsequent separation from the University of Houston prevented Mrs. Bisong from completing the doctoral program and denied her the benefit, right, and pleasure of participating in the commencement exercises at the University of Houston for the spring of 2006.

## TITLE VI RETALIATION

27.     Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth at length herein.

28.     Defendants intentionally retaliated against Plaintiff for exercising her rights as protected under the law.

29.     Defendants intentionally retaliated against Plaintiff and sanctioned her with expulsion for the allegation of plagiarism as a direct result of her grieving and disputing grades as received from classes instructed by Dr. Voskuil. This retaliation is in direct violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964.

30. Defendants retaliated against Plaintiff in a manner that deprived her of an opportunity that was provided to other students similarly situated in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964.

31. Plaintiff alleges that Defendants intentionally retaliated against her with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## TITLE VI RACE DISCRIMINATION

32. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth at length herein.

33. Defendants intentionally engaged in unlawful practices involving Plaintiff because of her race.

34. Defendants intentionally discriminated against Plaintiff in connection with her education by depriving and excluding her of the benefits and participation in activities as available to other students in a manner that would deprive or tend to deprive her of any educational opportunity or adversely affect her status because of Plaintiff's race in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964.

35. Defendants classified Plaintiff in a manner that deprived her of an opportunity that was provided to other non-Black students similarly situated in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964.

36. Plaintiff alleges that Defendants intentionally discriminated against her on the basis of race with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## TITLE VI NATIONAL ORIGIN DISCRIMINATION

37. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth at length herein.

38. Defendants intentionally engaged in unlawful practices involving Plaintiff because of her national origin.

39. Defendants intentionally discriminated against Plaintiff in connection with her education by depriving and excluding her of the benefits and participation in activities as available to other students in a manner that would deprive or tend to deprive her of any educational opportunity or adversely affect her status because of Plaintiff's national origin in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964.

40. Defendants classified Plaintiff in a manner that deprived her of an opportunity that was provided to other non-African students similarly situated in violation of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d of the Civil Rights Act of 1964.

41. Plaintiff alleges that Defendants intentionally discriminated against Plaintiff on the basis of national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## BREACH OF CONTRACT BY ALL DEFENDANTS

42. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth at length herein.

43. Plaintiff alleges that there was a contract or contractual relationship between Plaintiff and defendant, the University of Houston.

44. Plaintiff alleges that the actions and/or omissions of all Defendants described hereinabove constitute breach of contract, which proximately caused the direct damages of Plaintiff, and for which Plaintiff hereby brings this cause.

### TORTIOUS INTERFERENCE WITH CONTRACT BY ALL DEFENDANTS

45. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth at length herein.

46. Plaintiff alleges that there was a contract or contractual relationship between Plaintiff and defendant, the University of Houston that was subject to interference.

47. Plaintiff alleges that all defendants willfully and intentionally interfered with this contract and such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein brings this cause.

### DAMAGES

48. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. Loss of future employment opportunities;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c. All reasonable and necessary costs incurred in pursuit of this suit; and

    d. Expert fees as the Court deems appropriate; and

## EXEMPLARY DAMAGES

49. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff. In order to punish said Defendants for engaging in unlawful practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## SPECIFIC RELIEF

50. Plaintiff seeks the following specific relief, which arises out of the actions, and/or omissions of Defendants described hereinabove:

    a. Prohibit by injunction the Defendants from engaging in unlawful practices;

    b. Absolve Plaintiff of all violations of the Academic Honesty Policy and allow her to re-enroll in the Doctoral program without the loss of credit hours already earned and place her in the same position and grade which Plaintiff attained and would have attained but for the unlawful actions of Defendants;

    c. Expunge from transcript, school records, academic records, etc., all mention, notes, and indications of Plaintiff's expulsion from the University of Houston;

    d. Expunge from transcript, school records, academic records, etc., all allegations, mentions, notes, and/or indications of charges of plagiarism as leveled by defendants against Plaintiff;

    e. Compensatory damages representative that Plaintiff would have received in earnings from employment but for the unlawful practices of defendant.

    f. Nominal damages

g. Punitive damages

h. A Declaratory judgment that the University of Houston violated Plaintiff's rights.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Angela Bisong, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; all relief as outlined in the preceding paragraphs; attorney's fees; and all such other and further relief to which the Plaintiff may be entitled at law and/or in equity.

Respectfully submitted,

Athill Muhammad
Attorney-in-Charge
Texas Bar No. 24039078
Southern District Bar No: 35121
1001 Texas Avenue, Suite 250
Houston, Texas 77002
Tel. (713) 807-8167
Fax. (713) 807-8167
Attorney for Plaintiff
Angela Bisong

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET 06 -1815

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Angela Bisong

**DEFENDANTS** Univ. of Houston, Dr. Jay Gogue, Dr. John Antel, Dr. Sarah Fishman, Dr. Wymen Herendeen, Dr. Lynn Voskuil

(b) County of Residence of First Listed Plaintiff: Fort Bend
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Athill Muhammad, Attorney at Law, 1001 Texas Avenue, Suite 250, Houston, TX 77002, 713/807-8167

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC § 2000d
Brief description of cause: Retaliation, discrimination (national origin) by University receiving federal funds

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/29/06
SIGNATURE OF ATTORNEY OF RECORD: [signature] Athill Muhammad

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAY 30 2006

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

MICHAEL N. MILBY, CLERK OF COURT