```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


ANGELA BISONG,                      §
                                    §
            Plaintiff,              §
                                    §
v.                                  §
                                    §    CIVIL ACTION NO. H-06-1815
THE UNIVERSITY OF HOUSTON,          §
DR. JAY GOGUE, DR. JOHN ANTEL,      §
DR. SARAH FISHMAN, DR. WYMAN        §
HERENDEEN, and DR. LYNN VOSKUIL,    §
                                    §
            Defendants.             §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Angela Bisong, brings this action against defendants, the University of Houston, Dr. Jay Gogue, Dr. John Antel, Dr. Sarah Fishman, Dr. Wyman Herendeen, and Dr. Lynn Voskuil, for violations of the Civil Rights Act of 1964, breach of contract and tortious interference with contract, all arising out of plaintiff's expulsion from the University of Houston.[1]  Pending before the court are Defendants' Motion to Dismiss (Docket Entry No. 5) and Plaintiff's Reply to Defendants' Motion to Dismiss (Docket Entry No. 12).  For the reasons explained below, Defendants' Motion to Dismiss will be granted in part and denied in part.

---

[1] Plaintiff's Original Complaint, Docket Entry No. 1.

## I.  Factual and Procedural Background

Plaintiff's Original Complaint contains the following allegations.[2]  Plaintiff Angela Bisong is a legal alien born in the Republic of Cameroon, who moved to Houston, Texas, in 1994.  She holds a Master's Degree in English Language and Applied Linguistics from the University of Leeds in the United Kingdom and a Bachelor's Degree in English Language and an M.Ed. in Education from the University of Yaounde in Cameroon.  Plaintiff was conditionally admitted into the University of Houston Doctoral Degree Program in the Department of English to pursue a Doctorate of Philosophy in English Literature, and she began her studies there in 2001 or 2002.[3]  After earning twelve credit hours with a 3.78 grade point average, plaintiff was granted full admission to the University of Houston commencing in the Fall of 2002.

In 2003 plaintiff enrolled in a class taught by Dr. Lynn Voskuil, an Associate Professor in the Department of English and the Director of Graduate Studies at the University of Houston.  Plaintiff alleges that during an initial meeting with Dr. Voskuil, she asked plaintiff about her country of origin and academic profile.  Dr. Voskuil raised questions about the type of University

---

[2]Id.

[3]While Plaintiff's Original Complaint does not state when plaintiff began her studies after being conditionally admitted, it does state that she earned twelve credit hours before obtaining full admission in the Fall of 2002, making it reasonable to assume that she began her studies at the University of Houston in 2001 or 2002.

of Houston ambassador plaintiff would be, as well as about plaintiff's ability to succeed because she was from a French-speaking, Central African country.  Plaintiff also alleges that Dr. Voskuil threatened to ruin her transcript and delay her graduation.  In August of 2004 plaintiff brought grading and discrimination complaints against Dr. Voskuil in accordance with university policy.  The accusations were dismissed as unfounded by Dr. Voskuil and Dr. Herendeen, the Chairperson of the English Department.[4]

In the meantime, Dr. Maria Gonzalez,[5] a professor in the English Department at the University of Houston, accused plaintiff of plagiarism.  On August 23, 2004, the Honesty Panel, of which Dr. Voskuil was a member, determined based on this allegation that plaintiff engaged in academic dishonesty.  Plaintiff was sanctioned with an "F" grade in Dr. Gonzalez's class.

On or about December 19, 2004, prior to the resolution of plaintiff's grading and discrimination complaints against Dr. Voskuil, plaintiff was again accused of plagiarism, this time by Dr. Voskuil.  After a series of hearings and appeals plaintiff was expelled from the University of Houston on or about February of 2005.  The expulsion was sanctioned by all named defendants.

---

[4] Plaintiff does not provide a date or a time frame for when plaintiff's discrimination complaints were resolved.

[5] Dr. Gonzales is not a defendant in this case.

Plaintiff filed suit against the University of Houston on May 30, 2006. Plaintiff alleges that the second plagiarism charge was leveled in retaliation for plaintiff's filing grievances against Dr. Voskuil for discrimination. She bases her Title VI retaliation claim on this allegation. Plaintiff also alleges a Title VI race discrimination claim and a Title VI national origin claim in connection with her expulsion. Finally, plaintiff alleges that her expulsion constituted both breach of contract and tortious interference with contract. The contract is apparently the University of Houston Student Handbook, which states that the University of Houston provides equal treatment and opportunity to all persons without regard to race, color, religion, national origin, sex, age, disability, veteran status, or sexual orientation except where such distinction is required by law.

## II.  Standard of Review

Defendants bring their motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion under Rule 12(b)(1) challenges the subject matter jurisdiction of the district court. Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(6) seeks dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v.

United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N. A., 122 S.Ct. 992, 998 (2002) (quoting Hishon v. King & Spalding, 104 S.Ct. 2229, 2232 (1984)).

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992).

### III.  Analysis

**A.  Title VI**

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.

Defendant first moves to dismiss plaintiff's Title VI claims against the individual defendants.  Defendants argue that Title VI suits may only properly be brought against entities that receive

federal funds, not individual employees of such entities.[6]  Courts considering this matter have uniformly held that Title VI actions cannot be brought against individual employees of entities that receive federal funds.  See, e.g., Walden v. Moffett, 2006 WL 947738 at *9 (E.D. Cal. 2006); Sims v. Unified Gov't of Wyandotte County/Kan. City, Kan., 120 F.Supp.2d 938, 954 (D. Kan. 2000); Powers v. CSX Transp., Inc., 105 F.Supp.2d 1295, 1311 (S.D. Ala. 2000); Jackson v. Katy Indep. School Dist., 951 F.Supp. 1293, 1298 (S.D. Tex. 1996).  This court agrees that under the plain language of section 2000d only entities receiving federal funds, not the individuals employed by those entities, are proper Title VI defendants.  See Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439, 1449 (9th Cir. 1994), overruled on other grounds, Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001) (noting that to state a claim for damages under Title VI, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance).

Plaintiff's Original Complaint alleges that "the University of Houston has been a recipient of funds and financial assistance from the Federal Government."[7]  With respect to the individual defendants, the Complaint merely alleges that each was "employed,

---

[6] Defendants' Motion to Dismiss, p. 3, Docket Entry No. 5.

[7] Plaintiff's Original Complaint § 2, Docket Entry No. 1.

contractually and/or otherwise, and/or acting as an agent of the University of Houston"[8] and contains no allegations that the individual defendants received federal funds. The court therefore concludes that only the University of Houston is a proper Title VI defendant. Plaintiff's Title VI retaliation, Title VI race discrimination, and Title VI National Origin causes of action will therefore be dismissed as against the individual defendants.

**B.   Breach of Contract**

Defendants argue that plaintiff's breach of contract cause of action against the University of Houston is barred by Eleventh Amendment immunity.[9] The Eleventh Amendment to the United States Constitution affords states with sovereign immunity from suit except in limited circumstances, such as when the state consents to be sued or when Congress abrogates a state's immunity pursuant to a valid grant of constitutional authority. U.S. CONST., amend. XI; Seminole Tribe of Florida v. Florida, 116 S.Ct. 1114, 1122-23 (1996). Eleventh Amendment immunity encompasses suits by private citizens against the state in federal court. Board of Trustees of Univ. of Ala. v. Garrett, 121 S.Ct. 955, 962 (2001).

The University of Houston, as a state institution, is an arm of the state to which sovereign immunity extends. Chavez v. Arte

---

[8]Id. at §§ 3-7.

[9]Defendants' Motion to Dismiss, pp. 3-4, Docket Entry No. 5.

Publico Press, 204 F.3d 601, 603 (5th Cir. 2000). Plaintiff has failed to cite and the court has not found any state waiver of immunity or Congressional abrogation of state immunity for a breach of contract claim. See Pillsbury Co., Inc. v. Port of Corpus Christi Authority, 66 F.3d 103 (5th Cir. 1995) (dismissing breach of contract/bailment claim against a political subdivision of the state of Texas on Eleventh Amendment immunity grounds for lack of jurisdiction). The court therefore finds that the University of Houston is entitled to sovereign immunity on the breach of contract cause of action, and will dismiss this cause of action against the University of Houston for lack of jurisdiction.

Defendants also argue that plaintiff's breach of contract cause of action against the individual defendants should be dismissed because the allegations only support the existence of a contract between plaintiff and the University of Houston, not plaintiff and the individual defendants.[10] The only contract alluded to in Plaintiff's Original Complaint and pleadings is the University of Houston's Student Handbook, promulgated by the University of Houston.[11] There are no allegations in Plaintiff's Original Complaint that establish a contract between plaintiff and

---

[10]Defendants' Motion to Dismiss, p. 4, Docket Entry No. 5.

[11]Id. Plaintiff's Original Complaint, §§ 14-15. The court also notes that plaintiff appears to have abandoned her breach of contract claim against the individual defendants in her Reply to Defendants' Motion to Dismiss. See Plaintiff's Reply to Defendants' Motion to Dismiss, pp. 4-6, Docket Entry No. 12.

the individual defendants. The court will therefore dismiss plaintiff's breach of contract claims against the individual defendants.

## C. Tortious Interference with Contract

Defendants argue that Eleventh Amendment immunity also bars plaintiff's tortious interference with contract claims against the University of Houston and the individual defendants in their official capacities.[12]

As discussed above, the University of Houston is immune from suit for contract claims, including tortious interference with contract, under the Eleventh Amendment. Furthermore, the University of Houston is a party to the contract at issue, the University of Houston Student Handbook. A tortious interference with contract claim can only be asserted against a third party, not against another party to the contract. See Juliette Fowler Homes, Inc. v. Welch Assocs., Inc., 793 S.W.2d 660, 666 (Tex. 1990) ("Until a contract is terminated, it is valid and subsisting, and *third persons* are not free to tortiously interfere with it." (emphasis added)).

Although it is unclear whether the individual defendants are sued in their individual or official capacities or both, this court will, reading the complaint in the light most favorable to

---

[12]Defendants' Motion to Dismiss, pp. 7-8, Docket Entry No. 5.

plaintiff, assume that plaintiff has sued the individual defendants in both capacities.  See Kentucky v. Graham, 105 S.Ct. 3099, 3106 n.14 (1985) (stating that in many cases it is not clear in what capacity officials are being sued, but the 'course of proceedings' will typically indicate the nature of the liability sought to be imposed).[13]

A suit against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989).  Such suits are generally barred as suits against the state itself, except in the case of claims for prospective injunctive relief brought against state officials in their official capacity.  Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) (citing Will, 109 S.Ct. at 2312).

The exception for prospective injunctive relief derives from Ex parte Young, 28 S.Ct. 441 (1908), which established that the Eleventh Amendment does not bar a suit in federal court against a

---

[13]It is also unclear whether plaintiff has abandoned her tortious interference with contract claims against the individual defendants.  Plaintiff's Reply to Defendants' Motion to Dismiss states only that the tortious interference with contract claim should not be dismissed against the University of Houston.  See Plaintiff's Reply to Defendants' Motion to Dismiss, p. 6, Docket Entry No. 12.  But because plaintiff has not explicitly dropped her tortious interference with contract claims against the individual defendants, the court will not consider them abandoned at this time.

state official to enjoin his enforcement of a state law alleged to be unconstitutional. American Bank and Trust Co. of Opelousas v. Dent, 982 F.2d 917, 920 (5th Cir. 1993). The theory behind the Ex parte Young exception is that an unconstitutional enactment is void and does not impart to the official any immunity from authority. Young, 28 S.Ct. at 454. In this case, however, the court has dismissed plaintiff's Title VI and breach of contract claims against the individual defendants, and the only remaining claim is tortious interference with contract. Although plaintiff requests prospective relief in the form of an injunction,[14] none of plaintiff's causes of action alleging violations of federal law survive against the individual defendants. A cause of action seeking prospective relief for breach of contract against the individual defendants in their official capacity does not invoke the Ex parte Young exception because it is not based on a violation of federal law. See Pennhurst State School & Hosp. v. Halderman, 104 S.Ct. 900, 911 (1984). The court thus concludes that the Eleventh Amendment bars plaintiff's tortious interference with contract claim as against the individual defendants in their official capacities.

Finally, defendants argue that plaintiff's claim for tortious interference with contract against the individual defendants in their individual capacities should be dismissed because plaintiff

---

[14]Plaintiff's Original Complaint, § 50(a), Docket Entry No. 5.

has failed to state a claim upon which relief can be granted.[15] Specifically, defendants argue that plaintiff has not alleged sufficient facts to state a cause of action against the individual defendants and that state law grants the individual defendants immunity from suit.[16]

To establish a cause of action for tortious interference with contract, a plaintiff must prove that: (1) a contract subject to interference exists; (2) the act of interference was willful and intentional; (3) the intentional act proximately caused the plaintiff's damage; and (4) actual damage or loss occurred. Juliette Fowler Homes, 793 S.W.2d at 664. Plaintiff's Original Complaint alleges that Dr. Gogue, Dr. Antel, Dr. Fishman, Dr. Herendeen, and Dr. Voskuil sanctioned plaintiff's expulsion from the University of Houston.[17] Apart from Dr. Voskuil, the only additional allegation is against Dr. Herendeen, who dismissed plaintiff's discrimination complaints as unfounded.[18] Even when viewed in the light most favorable to plaintiff, these bare-bones allegations do not suffice to establish that the named defendants, apart form Dr. Voskuil, willfully and intentionally interfered with plaintiff's contract with the University of Houston (the University of Houston Student Handbook).

---

[15]Defendants' Motion to Dismiss, pp. 5-6, Docket Entry No. 5.

[16]Id.

[17]Plaintiff's Original Complaint, § 22, Docket Entry No. 1.

[18]Id. at § 20.

The complaint does, however, contain much more detailed allegations against Dr. Voskuil.  Taking plaintiff's factual allegations against Dr. Voskuil as true and viewing them in the light most favorable to plaintiff, Dr. Voskuil threatened to ruin plaintiff's transcript and delay her graduation because of her race and national origin.  When plaintiff lodged a discrimination complaint against her, Dr. Voskuil retaliated by accusing plaintiff of plagiarism.  Dr. Voskuil then sanctioned a dismissal based on an accusation lodged for retaliatory purposes.[19]  These allegations are sufficient to state a claim for tortious interference with contract.

Defendant alternatively argues that the tortious interference with contract claims should be dismissed against the individual defendants in their individual capacities because Texas law grants official immunity to an officer of the state who was (1) performing discretionary duties, (2) in good faith, and (3) while acting within the scope of his or her authority.  Austin v. Johnson, 328 F.3d 204, 210-11 (5th Cir. 2003).  Official immunity is an affirmative defense in Texas, and the burden is on defendants to establish all of the elements of the defense.  City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994).  A court should dismiss a case under Rule 12(b)(6) based on an affirmative defense only if an affirmative defense appears on the face of the complaint.

---

[19] Id. at §§ 18, 20, 22, & 23.

Garret v. Commonwealth Mortg. Corp. of America, 938 F.2d 591, 595 (5th Cir. 1991).  See also Kansa Reins. Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994).

The allegations against Dr. Voskuil, as detailed above, do not support a finding that Dr. Voskuil was acting in good faith.  The affirmative defense of official immunity is more appropriately raised in a motion for summary judgment or at trial.  See Austin, 328 F.3d at 211; Albright v. Texas Dep't of Human Servs., 859 S.W.2d 575, 579 n.1 (Tex. App. -- Houston [1st Dist.] 1993, no writ).  Therefore, the court will not dismiss plaintiff's tortious interference with contract claim against Dr. Voskuil at this stage of the litigation.

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that

1.  Defendants' Motion to Dismiss (Docket Entry No. 5) is **GRANTED** as to plaintiff's Title VI Retaliation, Title VI Race Discrimination, and Title VI National Origin Discrimination claims against the individual defendants; is **GRANTED** as to plaintiff's breach of contract claim against all defendants; and is **GRANTED** as to plaintiff's tortious interference with contract claim against the University of Houston, Dr. Gogue, Dr. Antel, Dr. Fishman, and Dr. Herendeen in their individual and official capacities and against Dr. Voskuil in her official capacity; but is **DENIED** as to

-14-

plaintiff's tortious interference with contract claim against Dr. Voskuil in her individual capacity.

2. Plaintiff's Title VI Retaliation, Title VI Race Discrimination, and Title VI National Origin Discrimination claims against the individual defendants, plaintiff's breach of contract claim against all defendants, and plaintiff's tortious interference with contract claim against the University of Houston, Dr. Gogue, Dr. Antel, Dr. Fishman, and Dr. Herendeen in their individual and official capacities and against Dr. Voskuil in her official capacity are **DISMISSED**.

**SIGNED** at Houston, Texas, on this 18th day of August, 2006.

*/s/ Sim Lake*
SIM LAKE
UNITED STATES DISTRICT JUDGE